PLUMMER v. THE PEOPLE'S NATIONAL BANK, DEFENDANT, AND HOLMES, INTERVENOR.

1. **Fraud:** INNOCENT PARTIES: WHO TO BEAR LOSS. One who places it within the power of another to commit a fraud must bear the loss, rather than an innocent third party. So where a wife indorsed a paper in blank and gave it to her husband to enable him to effect a certain purpose, but he fraudulently pledged the paper to an innocent third party to secure a loan, *held* that she could not recover the paper from such party.

*Appeal from Buchanan District Court.*

THURSDAY, DECEMBER 11.

ACTION to recover possession of a life insurance policy. The defendant bank disclaimed any interest in the policy, and the intervenor claimed that he was entitled thereto. Trial by jury. The court directed the jury to find for the plaintiff, which they did, and the intervenor appeals.

*Woodward & Cook*, for appellant.

No appearance for appellee.

SEEVERS, J.—I. The life insured was that of John W. Plummer, the husband of the plaintiff. By the terms of the policy, the insurance was payable to the plaintiff, but if she should die before her husband, then the insurance was payable to their children. John W. Plummer is still living. The intervenor was in possession of the policy, and sent it to the bank. Prior to that time the plaintiff had possession of the policy, and she claims that the intervenor wrongfully obtained possession, with knowledge that it belonged to her. The evidence tended to show the following facts: "That the plaintiff, at the request of her husband, sent him the policy, with a blank indorsement thereon; that is, a blank was left for the insertion of the name of the assignee. The plaintiff's

husband borrowed money of Watson S. Hinkley, and filled the blank in the assignment with his name, and gave him the policy as security for the money borrowed." Such disposition of the policy was not contemplated by the plaintiff at the time she sent it to her husband. It is sufficient to say that the evidence tended to show that the plaintiff's husband perpetrated a gross fraud on her when he transferred the policy as he did, but there is no evidence tending to show that Hinkley or the intervenor had any knowledge of such fraud, unless the circumstances were such that he should be charged with the notice that the plaintiff had no authority to pledge the policy as he did.

II. To enable her husband to effectuate an object of which she was informed, the plaintiff assigned the policy in the blank. He was authorized to use the policy for such purpose, and to so fill the blank as to accomplish that purpose. This was the extent of the power conferred on him, and the question now is, which of two innocent parties must suffer the loss? We think the plaintiff, because she placed it in the power of her husband to commit the fraud. *McNeil v. Tenth Nat. Bank*, 46 N. Y., 325; *McDonald v. Muscatine Nat. Bank*, 27 Iowa, 319. We must not be understood as determining that the plaintiff indorsed the policy in blank. This question should have been submitted to the jury, and also the further question whether Hinkley or the intervenor, under the circumstances, should be charged with notice of the plaintiff's rights.

REVERSED.