D. C. CARPENTER, Appellee, v. CLARENCE C. KNAPP AND CLARENCE C. KNAPP, Surviving Partner of the Firm of J. T. KNAPP & COMPANY, Defendants, W. H. KNAPP, Intervener, Appellant.

**Benefit Society Policy:** CHANGE OF BENEFICIARY. Assured in a benefit society may change the beneficiary; there being no inhibition in the endowment certificate, articles of incorporation or by-laws of the society, or the statutes.

SAME. A person to whom an endowment certificate is payable in case of death of the assured within the limit of the endowment period, has no assignable interest during that period and while the assured is living, when the latter has the right to change his beneficiary.

STIPULATION FOR CONSENT TO ASSIGNMENT. A provision on the back of the certificate in a benefit society that "in case of assignment of the within certificate, the beneficiary must consent thereto, and said assignment must be approved by the secretary; "otherwise the assignment shall be void," does not limit the power of the assured to change his beneficiary.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

SATURDAY, APRIL 10, 1897.

PLAINTIFF on February 17, 1894, commenced his action against the defendants, aided by attachment,

NOTE.—As to power to change beneficiaries, see also *Hoeft v. Supreme Lodge, K. of H.* (Cal.) 33 L. R. A. 174; and *Jory v. Supreme Council, A. L. of H.* (Cal.) 26 L. R. A. 733.

in which he sought to recover some twenty-four thousand dollars. The attachment was levied by garnishing the Equitable Life and Endowment Association of Waterloo, Iowa, as a supposed debtor of the defendant, Clarence C. Knapp. Defendants filed an answer in denial. Thereafter W. H. Knapp intervened in said action, claiming to be the owner of the funds in the hands of the garnishee. Plaintiff, in an answer to the intervener's petition, controverted his claim. The cause was tried to the court, and a judgment and decree entered for plaintiff for the amount claimed, and adjudging plaintiff to be entitled to the fund in controversy. Intervener appeals. The plaintiff also appeals from rulings which do not go to the merits of the controversy. As we conclude that, upon the merits, the case should be affirmed, we do not deem it necessary to further refer to plaintiff's appeal.

The facts appearing from the pleadings and evidence are that on the twenty-third day of July, 1885, one J. T. Knapp, became a member of the Equitable Mutual Life and Endowment Association, a corporation conducting a mutual life insurance business. He received a certificate of membership, in which the defendant, Clarence C. Knapp, was named as beneficiary. Said certifiate contained the following provisions:

"*Death Claims.* Upon receipt at the home office of satisfactory proofs, on proper blanks furnished by the association, of the death of said member, prior to ten full years from the date hereof, viz., the twenty-third day of July, 1895, at 12 M. of said day, the Equitable Mutual Life and Endowment Association will pay to Clarence C. Knapp, or in case of —— death before that of said assured, then to executors, administrators, or assigns of said member, * * * the net proceeds of one assessment upon all members at date of said

death, not exceeding two thousand five hundred dollars.

"*Endowment Claim.* Upon the surrender of this certificate by the aforesaid member or legal holder, after having been kept in force for a period of ten full years, the Equitable Mutual Life and Endowment Association will pay to said member or legal holder his full share of the endowment fund of said association, not to exceed one thousand dollars."

Said certificate also provided that, "in case of assignment of the within certificate, the beneficiary must consent thereto, and said assignment must be approved by the secretary of the association; otherwise the assignment shall be void."

The assured and the beneficiary were, when said certificate issued, partners, engaged in the business of banking, at Cedar Falls, Iowa, under the firm name of J. T. Knapp & Co. In September or October, 1893, the assured wrote the beneficiary that he would make no more payments on said certificate, and that if he (the beneficiary) wanted to keep it up, he would have to look after it. Afterward, and on October 30, 1893, said beneficiary assigned said certificate to the intervener, Will H. Knapp, but said assignment was not then approved by the secretary of the association. There was no consideration for this assignment, other than Will H. Knapp's agreement to pay all assessments and dues then due, or which might thereafter accrue against J. T. Knapp, as the party insured in said certificate. Will H. Knapp was a son of Clarence C. Knapp, and a nephew of the assured. Will H. Knapp thereafter, and until the death of the assured, paid such assessments as were due, upon the membership of the assured. November 14, 1893, J. T. Knapp died. December 12, 1893, Clarence C. Knapp executed another assignment of said certificate to Will H. Knapp, which purported to be made to complete the

assignment theretofore executed. This last paper was approved by the secretary of the association. Thereafter the intervener had prepared and sent to the association proofs of the death of J. T. Knapp, and the association collected an assessment from its members to pay the amount due upon said certificate, being over two thousand three hundred dollars, which, by agreement of parties, was paid into the hands of the clerk of the district court to abide the order of said court.—*Affirmed.*

*E. E. Hasner* for plaintiff.

An endowment certificate or endowment policy differs materially from the ordinary life insurance policy.

Cooke, Life Ins., section 107, page 198.

It is not the certificate of Clarence C. Knapp. It is J. T. Knapp's certificate as long as he lives; and it is his to do with as he pleases as long as he lives; during his life it is under his control.

*Mutual L. Ins. Co. v. Armstrong*, 117 U. S. 591-600, 29 L. Ed. 997-999, 2 May, Insurance (3d. Ed.), section 390, page 859; *Tennes v. Northwestern Mut. L. Ins. Co.*, 26 Minn. 271; *Lamberton v. Bogart*, 46 Minn. 409; *Evers v. Life Asso. of America*, 59 Mo. 429.

The endowment policy or certificate in suit is not good as an executed gift to Clarence C. Knapp. It is so conditioned that it is revocable by J. T. Knapp at any time during his life.

*Basket v. Hassell*, 107 U. S. 602, 27 L. Ed. 500.

The policy in suit, is during the life of J. T. Knapp completely within his control and and assignable by him, so as to pass the whole insurance to his assignee.

No right or title vests under a contract containing a condition pecedent until that condition happens. *A fortiori* is this true of a mere gift?

C. C. Knapp takes under this as a gift, if at all, and not by descent, devise, or purchase; and his rights are to be determined by the laws governing gifts. A gift must be completely executed and it must go into immediate and absolute effect.

*Irish v. Nutting*, 47 Barb. 370; *Smith v. Ferguson*, 90 Ind. 229 (46 Am. Rep. 216); *Baskett v. Hassell*, 107 U. S. 602, 27 L. Ed. 500; 8 Am. & Eng. Enc. Law, title, *Gifts*, page 1313.

If the gift is left incomplete, there exists a *locus penitentiæ*, and what has been done may be revoked.

*Tolcott v. Field*, 34 Neb. 611; May, Ins., section 458.

If the beneficiary assign, the assignee must have an insurable interest in the life of the assured or the assignment will be held void. The assignment of a policy to a party not having an insurable interest is just as objectionable as the taking out of a policy in his name. To the extent in which the assignee stipulates for the proceeds of the policy beyond the sums advanced by him he stands in the position of one holding a wager policy.

*Warnock v. Davis*, 104 U. S. 779, 26 L. Ed. 926; *Franklin L. Ins. Co. v. Hazzard*, 41 Ind. 116 (13 Am. Rep. 313); *Stevens v. Warren*, 101 Mass. 564; *Cammack v. Lewis*, 82 U. S. 15 Wall. 643, 21 L. Ed. 244; *Cooper v. Shaeffer* (Pa.) 9 Cent. Rep. 601; *Corson's Appeal*, 113 Pa. 438 (57 Am. Rep. 479); *Lamont v. Hotel Men's Mut. Ben. Asso.* (30 Fed. Rep. 817); *Ruth v. Katterman*, 112 Pa. 251; *Price v. Supreme Lodge K. of H.* 68 Tex. 361; *Missouri Valley L. Ins. Co. v. McCrum*, 36 Kan. 146 (59 Am. Rep. 537).

There must be a reasonable ground founded upon the relations of the parties to each other, either pecuniary or of blood or affinity, to expect some benefit or

advantage from the continuance of the life of the assured. Otherwise the contract is a mere wager, by which the party taking the policy is directly interested in the early death of the insured.

*Corson's Appeal*, 113 Pa. 438 (57 Am. Rep. 479). Also see *Langdon v. Union Mutual Life Insurance Co.*, 14 Fed. Rep. 272; *Mutual Benefit Association v. Hoyt*, 46 Mich. 473; *Watson v. Centennial Mutual Life Association*, 21. Fed. Rep. 698.

Where one procures insurance on the life of another in whom he has no insurable interest, the policy is void.

*Lamont v. Grand Lodge I. L. of H.*, 31 Fed. Rep. 180; *United Brethren Mutual Aid Society v. McDonald*, 122 Pa. 324, 1 L. R. A. 238; *Stambaugh v. Blake*, 22 W. N. C. 407; *Burton v. Connecticut Mutual Life Insurance Co.*, 119 Ind. 207; May, Ins., section 102; *Schofield v. Turner*, 75 Tex. 324, 7 L. R. A. 189; *Alabama Gold L. Insurance Co. v. Mobile Mutual Insurance Co.*, 81 Ala. 329.

If W. H. Knapp had no advantage or benefit to accrue to him from the continuance of the life of J. T. Knapp, then he had no insurable interest in it, and the assignment to him was void.

1 May, Ins. (3d Ed.), sections 102, 112; *Heusner v. Mutual L. Ins. Co.*, 47 Mo. App. 336.

The assured holding an endowment certificate is recognized as having a right to assign the endowment.

Niblack, Ben. Soc. & Acci. Ins., section 212; *Brown v. Grand Lodge A. O. U. W.*, 80 Iowa, 287; *Hirschl v. Clark*, 81 Iowa, 200, 9 L. R. A. 841; *Schmidt v. Iowa K. of P. Ins. Asso.*, 82 Iowa, 304; *Richmond v. Johnson*, 28 Minn. 447.

A voluntary conveyance by a father to a son, when the father is insolvent, is fraudulent as to creditors.

*Triplett v. Graham*, 58 Iowa, 135; *Watson v. Riskamire*, 45 Iowa, 231; *Boulton v. Hahn*, 58 Iowa, 518; *Brainard v. Van Kuran*, 22 Iowa, 261; *Pratt v. Green*, 25 Iowa, 39; *State Bank v. Harrow*, 26 Iowa, 426; *Irish v. Bradford*, 64 Iowa, 303; *Potter v. Phillips*, 44 Iowa, 353.

*Boies & Boies* for intervener.

If C. C. Knapp had a vested property interest in this certificate of membership issued on the life of J. T. Knapp, prior to the enactment of section 1767, McClain's Code, which he might then have assigned, the statute cannot be permitted to deprive him of such vested right, or of the power to assign it.

*Brown v. Grand Lodge A. O. U. W.*, 80 Iowa, 287; *Lindsey v. Western Mut. Aid Soc.*, 84 Iowa, 740; *Tilton v. Swift*, 40 Iowa, 79; *Newman v. Samuels*, 17 Iowa, 530; Sutherland, Stat. Constr., section 406; *Benton v. Brotherhood of R. Brakemen*, 146 Ill. 570.

The beneficiary in an ordinary life policy acquires the entire property interest in the contract the moment the policy is executed and delivered.

Bacon, Ben. Soc. & Life Ins., section 292; 13 Am. & Eng. Enc. Law, page 655; *Harley v. Heist*, 86 Ind. 196 (44 Am. Rep. 285); *Central Nat. Bank v. Hume*, 128 U. S. 195, 32 L. Ed. 370; Bliss, Life Ins. (2d Ed.), section 318; May, Insurance (3d. Ed.), section 399 L.

The vested interest of a beneficiary in an ordinary life policy may be assigned by such beneficiary during the lifetime of the party whose life is insured.

13 Am. & Eng. Enc. Law, page 646 *et seq.*; Bacon, Ben. Soc. & Life Ins., section 297.

*Fowler v. Butterly*, 78 N. Y. 68 (34 Am. Rep. 507).

There is practically no distinction save one in the rights of a person whose life is insured upon the ordinary life plan and the rights of a person whose life is insured by a mutual benefit society. In neither case

has the person whose life is insured any property interest in the insurance unless he or his estate is named as the beneficiary. The only difference between the rights of persons whose lives are insured upon one plan or the other is this: that the member of a mutual benefit society ordinarily has the right to change the beneficiary named in his certificate at any time that he may so elect without the consent of such beneficiary, whereas the person whose life is insured by the ordinary life policy has no such power.

*Brown v. Grand Lodge A. O. U. W.*, 80 Iowa, 287; *Hellenberg v. District No. 1, I. O. of B. B.*, 94 N. Y. 580.

As to the rights of beneficiaries named in the two kinds of contracts, the courts unite in holding that the ground of distinction between the rights of a beneficiary under an ordinary life policy and the rights of a beneficiary under the ordinary certificate of membership of a mutual benefit society is this: that in the former case the interest of the beneficiary cannot be defeated without his consent, and in the latter the interest of such beneficiary is subject to be defeated at the will of the person whose life is insured and without the consent of such beneficiary. For this reason it is said that the interest of a beneficiary under an ordinary life policy is vested and assignable from the moment of the policy's issue.

*Brown v. Grand Lodge A. O. U. W.*, 80 Iowa, 290; *Smith v. National Ben. Soc.*, 123 N. Y. 85, 9 L. R. A. 616; May Ins. (3d Ed.), section 399 L. 399 M; *Harley v. Heist*, 86 Ind. 196 (44 Am. Rep. 285.)

The interest of a beneficiary in a life policy upon either plan is vested and assignable from the moment of the policy's issue, or is not so vested depending upon the question whether the interest of the beneficiary may be defeated without his consent, by the act of the insured member.

Whether the interest of a beneficiary may be

defeated without his consent depends upon the terms of the contract under which such beneficiary derives his interest.

*Harley v. Heist,* 86 Ind. 196 (44 Am. Rep. 385); Niblack, Mut. Ben. Soc. & Acci. Ins. (2d Ed.), page 406; *Masonic Mut. Ben. Soc. v. Burkhart,* 110 Ind. 189; *Presbyterian Mut. Assur. Fund v. Allen,* 106 Ind. 593.

If the terms of this contract expressly prohibit a change of beneficiary without his consent, the question involved in this case is entirely freed from difficulty, and it is undeniable that under such circumstances the interest of the beneficiary was a vested and assignable interest.

There is no provision in the certificate of membership or the articles of incorporation or by-laws of the association permitting the member to change the beneficiary named in the certificate without the consent of such beneficiary.

The words "assignment of the within certificate" mean a change or transfer of the beneficial interest in the certificate.

*Hirschl v. Clark,* 81 Iowa, 200, 9 L. R. A. 841.

By the express provisions of this contract, all assignments are prohibited unless the beneficiary shall consent thereto.

The parties intended that the consent of C. C. Knapp must be obtained to a change of that part of the contract which involved his own interests.

It is unnecessary at common law that the assignee of a life insurance policy should have an insurable interest in the life of the insured.

Cooke, Life Ins., page 121; *St. John v. American Mut. L. Ins. Co.,* 13 N. Y. 39, 64 Am. Dec. 529; *Valton v. National Fund L. Assur. Co.,* 20 N. Y. 32; *Olmsted v. Keyes,* 85 N. Y. 593; *Mutual Life Ins. Co., v. Allen,* 138 Mass. 24 (52 Am. Rep. 245); *Eckel v. Renner,* 41 Ohio St. 232; *Martin v. Stubbings,* 126 Ill. 387; *Fitzpatrick v.*

*Hartford L. & A. Ins. Co.*, 56 Conn. 116; *Clark v. Allen*, 11 R. I. 439 (23 Am. Rep. 496); *Murphy v. Red*, 64 Miss. 614 (60 Am. Rep. 68); *Rittler v. Smith*, 70 Md. 261, 2 L. R. A. 844; *Souder v. Home Friendly Soc.*, 72 Md. 511; *Bursinger v. Bank of Watertown*, 67 Wis. 75 (58 Am. Rep. 848), and other cases. See also *Johnson v. Van Epps*, 110 Ill. 551; *Lamont v. Grand Lodge I. L. of H.*, 31 Fed. Rep. 177.

Where assignments of life policies are held void upon the ground of a want of insurable interest in the assignee at the time of the assignment, such holding is based absolutely and solely upon considerations of public policy which obtain in the jurisdictions holding such doctrines.

At the moment of this assignment, the statute of this state authorized mutual benefit societies to issue certificates of membership, naming any relative of the member as the beneficiary thereof.

*Simcoke v. Grand Lodge A. O. U. W.*, 84 Iowa, 383, 15 L. R. A. 114.

If the secretary of the association did not in fact approve such assignment it was not thereby rendered void for the reason that the provision of the contract requiring the approval of the assignment by the secretary of the association was a provision intended for the benefit of such association, and which the association might waive, and no one, other than the association, can complain of such non-approval by its secretary.

Niblack, Ben. Soc. & Acci. Ins. (2d Ed.), page 330; May, Ins. (3d Ed.), section 459, F; *Simcoke v. Grand Lodge A. O. U. W.*, 84 Iowa, 383, 15 L. R. A. 114; *Titsworth v. Titsworth*, 40 Kan. 571; *Splawn v. Chew*, 60 Tex. 532; *Manning v. Ancient Order of United Workmen*, 86 Ky. 136.

This is a contract purporting to be made between two parties for the benefit of a third.

In *Gilbert v. Sanderson*, 56 Iowa, 349 (41 Am. Rep. 103), this court held, that where a contract was made between two persons, for the benefit of a third, the original parties to the contract might rescind the same, "unless in the meantime the person for whose benefit it was made, in some manner had indicated he accepts the contract, or it can be implied he did so. By so doing, he acquires the rights and assumes the burdens incident thereto."

While certain courts have held, that the right of the member to change the beneficiary in a mutual benefit certificate, without the consent of the beneficiary, exists, unless by the provisions of the contract, such change is prohibited, yet such holding is directly in conflict with the principles of law which have long been applied to ordinary life policies.

Niblack, Ben. Soc. & Acci. Ins. (2d Ed.), section 212; Bacon, Ben. Soc., section 304; *Harley v. Heist*, 86 Ind. 196 (44 Am. Rep. 285); May, Ins. (3d Ed.), section 399 M.

In the various decisions of this court, the right of the member of a mutual benefit association to change the beneficiary named in his certificate, has always been predicated upon the express reservations of the contract giving to the member such right, or upon the statute now in force in this state, which authorizes the change of beneficiaries.

*Brown v. Grand Lodge A. O. U. W.*, 80 Iowa, 290; *McClure v. Johnson*, 56 Iowa, 620; Niblack, Ben. Soc. & Acci. Ins. (2d Ed.), page 407; *Schmidt v. Iowa K. of P. Ins. Asso.*, 82 Iowa, 304; *Brown v. Grand Council N. W. L. of H.*, 81 Iowa, 400; *Hirschl v. Clark*, 81 Iowa, 200; 9 L. R. A. 841.

The possession of a certificate by C. C. Knapp was not necessary in order to give him a right of action thereon, nor was such possession necessary in order to enable him to assign such right of action if he had

it; or any interest which he acquired by virtue of the
terms of the contract.

Cook, Life Ins., section 107; *Fowler v. Butterly*, 78
N. Y. 68 (34 Am. Rep. 507); *Knickerbocker L. Ins. Co.
v. Weitz*, 99 Mass. 157.

KINNE, C. J.—Counsel have exhaustively and ably
argued many interesting questions arising upon this
record. In our view, however, the controlling ques-
tion in the case is, as to the right of Clarence C.
Knapp to assign the certificate to the inter-
vener. If he had no such right, then it is clear,
that intervener is not entitled to the fund in
controversy. We proceed, therefore, to a considera-
tion of that question. At the outset it should be
said, that the object of the association, as stated in its
articles of incorporation, is "benevolent and mutual
assistance among its members and their families, or
*designated beneficiaries*, by the collection of dues and
assessments, and disbursement at the death of its
members, or at stated periods, less cost of maintaining
association." (The italics above are ours.) The cer-
tificate of membership provides, that upon proper
proof of the death of a member being made, and in
case he dies within ten years from the date of the
issuing of the certificate, the association will pay to
"Clarence C. Knapp, or, in case of —— death before
that of said assured, then to executors, adminis-
tors, or assigns of said member, * * * the pro-
ceeds of one assessment. * * *" It also provides,
that upon the surrender of the certificate by the
"aforesaid member or legal holder, after having
been kept in force for a period of ten full years
the * * * association will pay to said mem-
ber or legal holder, his full share of the endowment fund
of said association, not exceeding one thousand dollars."
It is also provided that "in case of assignment of the

within certificate, the beneficiary must consent thereto, and said assignment must be approved by the secretary of the association; otherwise the assignment shall be void." There is no express provision in the certificate, articles of incorporation, or by-laws authorizing a change in the beneficiary, unless some of the provisions heretofore set out can be construed to give such authority. It is the general rule that a beneficiary under an ordinary life policy takes a vested interest therein at the moment the policy is executed and delivered, which cannot be impaired or defeated by any act of the assured, or of the assured and the company, to which said beneficiary does not assent. 13 Am. and Eng. Enc. Law, page 655; Bacon, Ben. Soc., section 292; Bliss, Ins., section 318; May, Ins., section 399, L.; Bidwell, Ins., section 285; *Harley v. Heist*, 86 Ind. 196; *Damron v. Insurance Co.*, 99 Ind. 478; *Assurance Fund v. Allen*, 106 Ind. 593 (7 N. E. Rep. 317); *Thomas v. Lodge* (Wash.) 41 Pac. Rep. 882. It follows that such policies may be assigned, unless such act be contrary to the statute, the articles of incorporation or by-laws of the company, or to the provisions of the policy itself. 13 Am. and Eng. Enc. Law, page 646; Bidwell, Ins., section 268; Bacon, Ben. Soc., section 297; *Plummer v. Bank*, 65 Iowa, 405 (21 N. W. Rep. 699); *McClure v. Johnson*, 56 Iowa, 620 (10 N. W. Rep. 217). Appellant contends that the assured, in the case at bar, is given no authority, by the certificate, by-laws, or articles of incorporation, to change the beneficiary, hence, the beneficiary named in the certificate had a vested interest in it the moment it was issued. In other words, he says that no right has been reserved to the assured, in the contract or laws of the association, to change the beneficiary; therefore none exists; and the rights of Clarence C. Knapp would be the same, as to the assignment of the policy, as in case of an ordinary life policy. Appellant's conclusions do

not necessarily follow, even if the fact be as he claims. It is true that the rights of the assured are to be determined from the contract, and the contract embraces the certificate, by-laws, articles of incorporation, statute law, if any, and such rights as necessarily inhere in membership in such an associa-ation. Now, if the contract be silent as to the rights of the assured to change his beneficiary, what right has he in that respect? It is also true that, in most of the cases in which it has been held that the assured had a right to change the beneficiary, it will be found that the contract expressly reserved such right to the assured; and that is true as to every such case decided by this court. The question, therefore, as now pre-sented, is an open one in this state. In Niblack, Ben. Soc. section 212, it is said that it has been held with substantial unanimity, wherever the question has arisen, that in mutual benefit societies the member may change his beneficiary without other limitations or restrictions than such as are imposed by law, the articles of incorporation, the by-laws, or the certifi-cate. In other words, the general doctrine is said to be that the assured has a right to change the bene-ficiary unless the contract or statute provides to the contrary. In *Society v. Burkhart*, 110 Ind. 192 (10 N. E. Rep. 80), it is said: "The general rule applicable to beneficiary or charitable associations is that the bene-ficiary acquires no vested rights to the benefits which accrue upon the death of a member, until the death occurs. During his lifetime the member may therefore exercise the power of appointment without other limits or restrictions except such as are imposed by the organic law, or by rules and regulations of the society duly adopted in compliance therewith." In *Assurance Fund v. Allen*, 106 Ind. 593 (7 N. E. Rep. 317), the court said: "The weight of authority * * *

is in favor of the general doctrine that beneficiaries may be changed in cases where policies like the one before us are issued by such associations as the present, and that in this respect such policies are not governed by the general rule which govern, ordinary insurance contracts." Many cases are referred to in support of the above holdings. *Thomas v. Lodge*, (Wash.) 41 Pac. Rep. 882, was a case of a mutual benefit certificate, and it was held that the insured had the right at any time during his lifetime to change the beneficiary. On the trial a question arose as to whether a certain by-law, which gave the members the right to change the beneficiary named in the certificate, was in evidence, so that it might be considered. The court held, in effect, that it was immaterial whether it was in evidence or not, and said: "It will be presumed that he had full right to control the benefit, until the contrary is made to appear. The authorities upon this proposition are not entirely uniform, but, as above suggested, a great majority of the cases have so held." Referring to the statements, sometimes found in the cases, that it is difficult to assign any reason for the distinction between such certificates and the ordinary life policies as to the right of the assured to change the beneficiary, the same court says: "This may be true, but one good reason suggests itself, and that is that these certificates are not in themselves an absolute contract, which could, under the constitution and by-laws of the order, be entered into with any person. Under such constitutions and by-laws, these beneficiary certificates can only be issued to members. Hence it seems reasonable that anything which would affect the right to membership would affect the right to the beneficiary certificate, and that, since the membership can at any time be changed by the member without the consent of the beneficiary, he can also change the certificate.

Upon reason and authority, the beneficiary certificate should be presumed to be within the control of the members." See, also, *Hoeft v. Lodge* (Cal.) 45 Pac. Rep. 185. Such associations are distinguishable from ordinary life insurance companies in many respects. By membership in such associations the assured obtains certain rights which inhere in the organization. So the class or classes of beneficiaries in them is limited, and such provisions, while in entire harmony with the object and purpose of such associations, are incompatible with the theory of regular life insurance, wherein the beneficiary, on the issuance of the policy, obtains a vested right therein. We conclude, therefore, in the absence of any provisions in the certificate, by-laws, articles of incorporation, or statute either providing expressly for a change of beneficiary or prohibiting such change, that by reason of the character and purposes of such associations it should be held that the power to change the beneficiary is vested in the member assured during his lietime. *Fischer v. Legion of Honor* (Pa. Sup.) 31 Atl. Rep. 1089; *Voigt v. Kersten* (Ill. Sup.) 45 N. E. Rep. 545.

II. From what has already been said, the conclusion follows that Clarence C. Knapp could have had no assignable interest in the certificate issued upon the life of J. T. Knapp, because he had no vested interest therein, as the power to change the beneficiary vested in the assured during his lifetime. That conclusion is sustained when we come to consider more carefully the character of the contract before us. It is what is called an "endowment certificate." By its terms the assured, in case he is alive at the expiration of the endowment period, becomes entitled to his full share of the endowment fund of the association, upon surrendering the certificate. If the assured dies prior to the expiration of the endowment period, and

Clarence C. Knapp survives him, upon furnishing proofs of death of said assured, said Clarence C. Knapp is entitled to the benefits of the policy. If the assured dies during the endowment period, and Clarence C. Knapp is not then alive, then the sum due is to be paid to the executors, administrators or assigns of the assured. Such a certificate, it seems to us, must of necessity be under the control of the assured until his death. How can it be claimed that Clarence C. Knapp had a vested interest in this certificate prior to the death of the assured, and within the limit of the endowment period? At the expiration of the endowment period, the ten years, if J. T. Knapp was living, he had the absolute right to deliver up the certificate and receive the endowment provided for therein. Such an act on his part would have satisfied the obligation of the association. So long as the assured was alive, and the endowment period had not expired, it could not be said that the assured might not outlive such period, and thus become the sole beneficiary under the certificate. Therefore it seems to us that during the entire endowment period, while the assured lived, he must be held to have the absolute right of control of the certificate, as against Clarence C. Knapp, and the latter could, within said time, have no vested right therein; hence his assignee, the intervener, took nothing by the assignment from Clarence C. Knapp. Under such a policy it is said the rights of the beneficiary named, who is to be paid the proceeds of the certificate in case of the death of the assured before the expiration of the endowment period, do not attach until the decease of the assured within such period. 2 May, Ins., section 390, P, and cases cited. And see, also, as bearing somewhat upon this question, *Insurance Co. v. Armstrong*, 117 U. S. 591 (6 Sup. Ct. Rep. 877); *Tennes v. Insurance Co.*, 26 Minn. 271 (3 N. W. Rep. 346); *Evers v. Association*, 59 Mo. 429.

III.   If the contract authorized the assured to change the beneficiary, then there can be no doubt that Clarence C. Knapp could acquire no vested interest therein during the lifetime of the assured, and hence could not make an assignment which would carry any interest therein to the intervener, unless by virtue of other provisions which may be claimed to modify the contract in that respect. The authorities are uniform in holding that when the right to change a beneficiary is reserved in the contract, and in the absence of other controlling provisions, the beneficiary named in the certificate acquires no vested interest until the death of the assured, and prior to that time the assured may change the beneficiary at will.    Bacon, Ben. Soc., section 289; Niblack, Ben. Soc., section 212; *Brown v. Lodge*, 80 Iowa, 287 (45 N. W. Rep. 884); *Hirschl v. Clark*, 81 Iowa, 200 (47 N. W. Rep. 78); *Schmidt v. Association*, 82 Iowa, 304 (47 N. W. Rep. 1032); *Richmond v. Johnson*, 28 Minn. 447 (10 N. W. Rep. 596); *Byrne v. Casey*, 70 Tex. 247 (8 S. W. Rep. 38); *Sabin v. Phinney*, 134 N. Y. 423 (31 N. E. Rep. 1087); *Association v. Priest*, 46 Mich. 429 (9 N. W. Rep. 481); *Hellenberg v. Order*, 94 N. Y. 580; *Society v. Burkhart*, 110 Ind. 189 (10 N. E. Rep. 79); *Association v. Brown*, 33 Fed. Rep. 11; May, Ins., section 399, L; *Smith v. Society*, 123 N. Y. 85 (25 N. E. Rep. 197); *Assurance Fund v. Allen*, 106 Ind. 593 (7 N. E. Rep. 317).

IV.   Is there anything in this contract which modifies the general rule above stated? Appellant contends that the provision on the back of the policy, that "in case of assignment of the within certificate, the beneficiary must consent thereto, and said assignment must be approved by the secretary of the association, otherwise the assignment shall be void,"—limited the right of the assured to change the beneficiary, and hence Clarence C. Knapp

took a vested interest in said certificate. It is conceded that the assignment above mentioned refers to an assignment made by the assured, not to one made by the beneficiary; and that is, no doubt, a correct construction of the contract. Attention is called to the case of *Hirschl v. Clark*, 81 Iowa, 200 (47 N. W. Rep. 78), wherein it was said that a change of beneficiary was the same thing, in effect, as an assignment. Hence it is claimed that the word "assignment," used above, embraced also a change in the beneficiaries made by the assured, and therefore he could not thus change without the consent of the beneficiary. We do not so regard it. Bearing in mind the fact that under the other provisions of the contract, and in view of the nature of the association, the assured had a right to change the beneficiary, we should not be justified in so construing the language under consideration as to deprive him of such right, unless such was plainly the intent, and unless there is no other way in which force and effect can be given to all of the provisions of the contract. If the word "assignment" be given its ordinary meaning (that is, of a formal transfer of the certificate from the assured to another person), the language used is given force and effect without limiting the right of the assured to change the beneficiary. We think it is clear from the words used that it was not intended to limit the power possessed by the assured to change the beneficiary at will during his lifetime. The language is, "In case of assignment of the within certificate," etc. These were apt words to protect the company from having the certificate assigned to a third person without their knowledge. They intended that no assignment should be made of the "within certificate" unless the beneficiary named therein consented, and not then until it was approved by the secretary of the association. The provision was chiefly intended for the protection of the association. It

would not be necessary in case the assured should change the beneficiary named in the certificate, because such formal change could only be made by notifying the association in some manner, and ordinarily it would be evidenced by a new certificate. There was therefore no limitation upon the right of the assured to change his beneficiary. Hence we need not determine what the effect might be of an assignment made without the consent of the beneficiary, and not approved by the association.

V. By section 7, of chapter 65, Acts Twenty-first General Assembly, which relates to mutual benefit associations, it is provided: "No corporation or association organized or operating under this act, shall issue any certificate of membership or policy to any person * * * unless the beneficiary under said certificate shall be the husband, wife, relative, legal representative, heir or legatee of such insured member, nor shall any such certificate be assigned, except an endowment certificate, and any certificate issued or assigned made in violation of this section shall be void. Any member of any corporation, association or society operating under this act shall have the right at any time, with the consent of such corporation, association or society, to make a change in his beneficiary without requiring the consent of such beneficiary." Counsel discuss the questions of the applicability of this act to the case before us. The certificate in this case was issued prior to the passage of the act in question. If, as we hold, Clarence C. Knapp had, irrespective of this statute, no vested right in the certificate of insurance issued upon the life of his brother during said brother's lifetime, then the attempted assignment of said certificate during the brother's lifetime cast no rights upon the intervener. We need not, therefore, give this statute further consideration. We do not understand from the argument

of counsel that any claim is based upon the assign-
ment made after the death of the assured. We
hold that there was no inhibition, in the certifi-
cate, articles of incorporation, by-laws, or stat-
utes which apply to this case, against the
assured changing the beneficiary during his lifetime;
that, in the absence thereof, he had a right to change
the beneficiary; that, in view of the purposes of the
order, it was intended to confer such right upon the
assured; that, under an endowment certificate like
that at bar, the rights of the beneficiary named in the
certificate do not attach until the decease of the
assured, if he die within the endowment period. It
follows that Clarence C. Knapp never had a vested
interest in the certificate of his brother which he
could assign during the brother's lifetime, and there-
fore the intervener took nothing by the assignment
relied upon. The title to the fund in court was
therefore in Clarence C. Knapp, and subject to plain-
tiff's attachment.

We are agreed that the appeal of the intervener
is properly before us for consideration, and, as upon the
merits of the case is determined in plaintiffs's favor
we do not discuss the questions raised by his appeal.
As the matters already considered are conclusive as to
the rights of the parties, we are not justified in
extending this opinion by the discussion of many
other questions argued by counsel. On both appeals
the judgment and decree below are AFFIRMED.