MINNIE LAUDENSCHLAGER *vs.* NORTHWESTERN ENDOWMENT & LEGACY ASSOCIATION OF MINNESOTA.

### December 6, 1886.

Life Insurance—Contract—Interest of Wife.—A contract of insurance, made by a husband, provided the money should be "payable, in case of his death, to his wife, M. L., or her executors, administrators, guardians, or assigns, as directed by said member in his application, or to such other person or persons as he may subsequently direct, by will or otherwise." *Held* that, in an action on this contract by the wife, she need not allege in her complaint that the husband had not directed the money to be paid to any other person, as that is matter of defence.

Appeal by defendant from an order of the district court for Brown county, *Webber*, J., presiding, overruling a demurrer to the complaint in which was set out in full the contract of insurance sued upon.

*Hoyt & Michael*, for appellant.

*Lind & Hagberg*, for respondent.

GILFILLAN, C. J. The contract of insurance on which this action is brought, made by Henry Laudenschlager with the defendant, provides that the sum to be paid at his death shall be "payable, in case of his death, to his wife, Minnie Laudenschlager, or her executors,

administrators, guardians, or assigns, as directed by said member in his application, or to such other person or persons as he may subsequently direct, by will or otherwise." The power reserved in the insured to "subsequently direct, by will or otherwise," the person to whom the money should be paid, of course qualified the rights of the wife in the contract. It made her interest a mere expectancy while the power to revoke her appointment as beneficiary of the contract continued. *Richmond* v. *Johnson*, 28 Minn. 447, (10 N. W. Rep. 596.) But it was an expectancy that would become an absolute right upon the death of the husband, unless he had, by will or otherwise, defeated it by the affirmative act of appointing some other beneficiary. That it was defeated—that the appointment of her was revoked—must necessarily be matter of defence. It was not necessary, therefore, for plaintiff, in her complaint, to negative the facts.

Order affirmed.