### ALLISON v. STEVENSON.

(Supreme Court, Appellate Division, Second Department. May 8, 1900.)

BENEFICIAL ASSOCIATIONS—BENEFICIARY—DESIGNATION—BY-LAWS—WAIVER.

 Under by-laws of a beneficial association, providing that a member might designate to whom payment of death benefit shall be made, by a will or writing signed and acknowledged, and filed with the treasurer of the association, where the treasurer received and filed a will designating the beneficiary, but not acknowledged, the association waived its right to insist on acknowledgment, and the person named in such will was entitled to the benefit.

Appeal from special term, Kings county.

Action by William Allison, by Belle Allison, his guardian ad litem, against Jeanie Stevenson. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John E. Walker (Frank Rudd, on the brief), for appellant.
James A. Donegan, for respondent.

64 N.Y.S.—31

GOODRICH, P. J.   Robert Allison, at the time of his death, was a
policeman and a member of the Brooklyn Police Mutual Aid Asso-
ciation.   When he joined the association, in 1886, it had a by-law
which provided that the application for membership should be made
on the printed forms of the association, and that such application
"shall include the name or names of the persons for whom the benefit
is intended."   The original application had been lost, but proof of
its contents was furnished at the trial.   In the application, Alli-
son designated his son William Allison, the plaintiff, as his bene-
ficiary.   Subsequently, Allison seems to have deserted his wife.
In 1898 he went to live with his sister Mrs. Jeanie Stevenson, the
defendant, and at her house died of dropsy, in March, 1899.   The
by-laws of the association provide that "any member may, how-
ever, designate to whom such payment shall be made by a will
or writing signed and acknowledged by such member, and filed
with the treasurer of the association."   A paper was offered in
evidence designating Mrs. Stevenson as beneficiary.   It is dated
February 14, 1899, purports to have been signed by Robert Allison,
and to have been executed in the presence of two subscribing wit-
nesses, but not to have been acknowledged before an officer au-
thorized to take acknowledgments.   It was filed with the treas-
urer of the association on the day of its date, and has been in his
possession and custody since that time.   There was evidence by
both the subscribing witnesses that the signature was made by Rob-
ert in their presence, and also evidence from Mrs. Allison, her son
William, and Miss Devoy that the signature was not that of Robert.
The court found, as matter of fact, that Robert Allison, the de-
ceased, in accordance with the constitution and by-laws of the
association, designated his son William. as beneficiary, "and that
said designation was never revoked," and, as conclusion of law, that
the original certificate "has never been assigned, revoked, or can-
celed."   The specific ground for this finding of fact is not stated,—
whether it was that in the opinion of the court the paper designat-
ing the defendant as beneficiary was not in fact executed by the
deceased, or that it was not properly acknowledged as required
by the constitution and by-laws.

After the two subscribing witnesses had testified positively that
Allison requested them to sign the paper as subscribing witnesses,
as he wished to give the fund to his sister, the defendant, Mrs. Alli-
son was called as a witness by the plaintiff, and testified that the
signature was not that of Robert.   The court thereupon examined
two papers having signatures of Robert admitted to be genuine,
and said: "I am inclined to think that signature is genuine, and
that the whole paper is written in his hand in both cases."   There-
after, Miss Devoy and the plaintiff testified, each in very positive
language, that the signature was not Robert's, and at the close of
the evidence the court said: "I will make a decree awarding the
sum to the plaintiff; no costs."   There is nothing in the record to
indicate that the learned trial judge ever changed his opinion as to
the genuineness of the signature, and therefore we must assume
that he based his decision upon the proposition that it was neces-

sary that the instrument be acknowledged in order to constitute an effectual transfer. But, by the treasurer's receiving and filing the paper without acknowledgment, the association waived insistence upon its by-law in that respect. Such, undoubtedly, is the law as laid down in many authorities, among them Kimball v. Lester, 43 App. Div. 27, 59 N. Y. Supp. 540, where the court held an assignment of an interest in a similar association to be in violation of the constitution, so that the association might have insisted on the restriction, and refused payment; yet, as it had not done so, and was indifferent in the controversy, and had paid the stipulated sum into court, it had waived the restriction, and the beneficiary could not avail herself of such noncompliance with the constitution of the company. The judgment is not in accordance with authority, and should be reversed.

Judgment reversed, and new trial granted, costs to abide the final award of costs. All concur.