FRED SCHOENAU and Others v. GRAND LODGE ANCIENT ORDER UNITED WORKMEN and Another.[1]

January 31, 1902.

Nos. 12,836—(186).

**Mutual Benefit Association.**

The beneficiary in a certificate of membership in a mutual benefit association has no vested interest therein, but a mere expectancy, liable to be terminated any time at the will of the member.

**Same—Contract with Member.**

The certificate of membership and the constitution and by-laws constitute the contract between the member and the association, and not with the beneficiary. The regulations governing a revocation or change of beneficiary are made for the protection of the association, and to carry into effect the will and intention of the member, and may be waived or varied by the association in order to accomplish that result.

**Same—Change of Beneficiary.**

The constitution of the association under consideration provided: "Any member desiring to make a new direction as to the payment of his beneficiary certificate may do so by authorizing such change in writing on the back thereof in the form prescribed, attested by the recorder,

[1] Reported in 88 N. W. 999.

seal of lodge attached, and delivery of his certificate and payment of fifty cents to the recorder, whereupon the change shall at once take effect. The recorder shall thereupon make a record thereof, and report the same to the grand recorder, forwarding the fifty cents and certificate. The grand recorder shall thereupon issue a new certificate as directed, having the same number and conditions as the old." Just prior to his death the member signed a document changing the beneficiary, which was attested by the recorder and sealed with the seal of the lodge. This instrument was on a form furnished by the recorder, and was not the one usually filled out on the back of the certificate. After execution it was delivered to the recorder, and the fee paid. *Held,* it was substantially as required by the provisions of the constitution, and, if not in strict conformity therewith, the association waived the variance, and the former beneficiary cannot question it.

Action in the district court for Hennepin county to reform an instrument of assignment executed by Alexander Schoenau, deceased, of a beneficiary life certificate issued to him by defendant Grand Lodge, and to recover the sum of $1,500 claimed to be due plaintiffs as beneficiaries under said certificate. The amount of the certificate was paid into court by defendant Grand Lodge for the benefit of the persons entitled thereto, and defendant Louisa Wolf, the original beneficiary named in the certificate, alone appeared and answered. The case was tried before McGee, J., who found in favor of plaintiffs. From an order denying a motion for a new trial, defendant Wolf appealed. Affirmed.

*Cross, Hicks, Carleton & Cross,* for appellant.

*Nye & Deutsch,* for respondents.

LEWIS, J.

In 1892 one Alexander Schoenau became a member of lodge No. 117, Minneapolis, of the Ancient Order of United Workmen, and there was issued to him a certificate in which his sister Louisa Wolf was named beneficiary. Mr. Schoenau was a bachelor, and for several years prior to about twelve months of his death had, most of the time, made his home with Mr. and Mrs. Wolf. About a month before his death, being very ill, he was put in charge of a physician and sent to a hospital, where on April 26, 1900, he died. As early as April 4, Schoenau had expressed a desire to change

the beneficiary of his certificate, and while at the hospital asked the attending physician to inform him whether he was likely to recover; that, if not, he wished to make a change in the beneficiary named in his policy. On April 24 the doctor told him he was a very sick man, and, if he wished to make any alterations in his affairs, he should do so at once, whereupon he requested that his brother Fred be sent for; and upon his arrival a duly witnessed, signed, and sealed document was sent to the secretary of the lodge at Minneapolis by the sick man, informing him that he had revoked his policy in their order made payable to Louisa Wolf, and requested that a new policy be issued, with the bequests as follows: Funeral expenses, $200; to Louisa Wolf and Fred and Gertrude Schoenau, each $500; and the remaining $300 to be distributed in equal portions to another brother and two sisters. On the afternoon of the same day Fred Schoenau returned to the hospital, accompanied by the recorder, financier, and another officer of the lodge, who brought with them a form of application for a duplicate beneficiary certificate. This document was in the form of an affidavit, reciting the fact that the certificate was payable to Louisa Wolf, and revoking the designation of her as beneficiary, and directing that a duplicate certificate be issued, payable as follows: To Fred Schoenau, $700,—and the balance as indicated in the previous communication. This document was signed by Alexander Schoenau, and contained the following indorsement:

"We, the undersigned, have carefully examined the books and records of Eintracht Lodge, No. 117, A. O. U. W., and, under our obligations as Workmen, do hereby certify that Bro. Alexander Schoenau is a Workman degree member in good standing in said lodge, and we recommend the granting of his request.

"Dated at Minneapolis, Minn., April 24, 1900.

"Gust Ast, M. W.

[Lodge Seal]　　　　　"Adolph Hoppenrath, Financier.

"Paul Meyer, Recorder."

The member, Schoenau, also signed a blank revocation upon the back of the certificate, but omitted to have it filled out to show the names of the beneficiaries. On the following morning the brother Fred again visited the hospital, bringing with him a notary public, who asked Alex if the signature attached to the paper was his,

and he said it was. The notary did not administer the oath, but went into another room and filled out the jurat, showing it to have been sworn to; and, without any authority, he filled in the name of Louisa Wolf on the back of the certificate already signed by the member, making it appear that she was the beneficiary. The certificate and document executed in the presence of the officers of the lodge were delivered to the recorder, and the fee paid, whereupon it was duly mailed to the grand recorder of the grand lodge, and received by him a few hours subsequent to the death of the policy holder.

This action was commenced by Fred Schoenau and the other last named beneficiaries for the purpose of reforming the indorsement upon the back of the certificate by striking out the name of Louisa Wolf, inserting in lieu thereof the names of the brothers and sisters as hereinbefore stated, and for the recovery from the grand lodge of their respective amounts as beneficiaries. It was ordered that the defendant Louisa Wolf be required to interplead in the action, and be substituted in place of the defendant grand lodge, and that the lodge pay the $2,000 into court, there to be distributed,—the sum of $500 to be paid to Louisa Wolf, and the balance of the money to await the result of the action,—and that it be relieved from all liability. The trial court found the facts substantially as hereinbefore stated, and ordered judgment reforming the instrument, and ordering judgment against the lodge in favor of each of the beneficiaries for the amounts claimed.

The assignments of error raise several questions,—among others, that the findings of fact are not sustained by the evidence. Without discussing the matter in detail, we are of the opinion that the facts as found by the court are in every respect amply supported by the evidence, and we will pass at once to a consideration of the principal legal proposition in the case; deeming it unnecessary to enter into a discussion of the other points.

The only question calling for decision is whether the member succeeded in changing the beneficiary from the one named in the certificate to those named in the document executed just prior to his death. As a preliminary, it may be well to state some of the elementary propositions which are laid down in the text-books.

and decisions, and require no citations of authority for their support.

1. While there is a similarity in many respects between the mutual obligations of the insured and insurer in benevolent associations and old-line insurance companies, there are also marked differences, and the rules of law applicable to the ordinary insurance company are not necessarily binding in the more modern class of insurance known as "mutual benefit associations." It may be said that the latter class of companies have not been in existence long enough to give growth and development to such well-defined legal principles concerning the rights of their members as the former class. Much confusion has existed on account of the great difference in the constitutions and by-laws of the different associations, so that many of the decisions have no very wide application. One of the chief differences between the two classes of insurance is that in the one the beneficiary named in the policy may have a vested interest by way of security or otherwise, and the contract is expressed in the policy, while in mutual benefit associations, like the one under consideration, the interest of the beneficiary is not vested, but is a mere expectancy, liable to change at any time at the will of the member, and the contract is expressed in the constitution and by-laws as well as the certificate of membership.

2. In the absence of any charter or constitutional restrictions, by-laws, rules, or regulations governing the revocation or change of beneficiaries in mutual benefit associations, the same may be done in any way the member may choose, so long as he expresses a clear intent so to do.

3. The certificate of membership, the constitution, and the by-laws constitute the contract between the member and the association, and not with the beneficiary. The rules and regulations governing the revocation and change of beneficiary are made for the benefit and protection of the association, and in order to carry out the will and purpose of the member, and may be varied or dispensed with by the association in order to carry into effect such purpose.

85 M.—23

Turning now to the constitution governing the present case: According to section 6, neither the member nor beneficiary has any vested rights in the certificate. The same does not constitute a part of their estates, and the only power the member has with reference to the same is to designate the name of the beneficiary. According to section 7, upon a member's demise the money due upon his certificate must be paid to the person designated as beneficiary, provided the same is a member of his family or related to him by blood, or some one who shall be legally dependent upon him for support. Section 17 reads as follows:

"Any member desiring to make a new direction as to the payment of his beneficiary certificate may do so by authorizing such change in writing upon the back thereof in the form prescribed, attested by the recorder, seal of lodge attached, and delivery of his certificate and payment of fifty cents to the recorder, whereupon the change shall at once take effect. The recorder shall thereupon make a record thereof, and report the same to the grand recorder, forwarding the fifty cents and certificate. The grand recorder shall thereupon issue a new certificate as directed, having the same number and conditions as the old."

In this case the blank on the back of the certificate was not properly filled out. The notary, without authority, wrote in the name of the original beneficiary,—the appellant here; but the instrument executed by the member and attested by the recorder was to all intents and purposes of the same force and effect as the writing upon the back of the certificate would have been, had that instrument been properly filled out and signed. The mere fact that the designation of the change was not executed upon the back of the certificate can make no difference, nor is it material that the notary did not take the acknowledgment or administer the oath to the member, for the constitution does not demand those requirements. The instrument executed was properly attested by the recorder, and the seal of the lodge attached. The fee was paid and the document delivered to the recorder, whereupon, according to section 17, the change resulted at once; and, if the change took effect upon delivery of the instrument to the recorder, it was of no material importance that the document did not reach the grand recorder before the death of the member,

nor that a new certificate had not been issued prior thereto. If in any respect the rule was varied, the lodge waived its strict compliance. The recorder is stated to be the proper officer to receive the instrument designating the change, and, having elected to accept it, it must be treated as a compliance with the requirements of the lodge. The main question is, did the member succeed in expressing his intention to change the beneficiary? Under the findings of the court, it is clear that he did, and that his desire was made known to the satisfaction of the association, substantially in accordance with the requirements of the constitution.

The following cases fairly illustrate the principles herein announced: Richmond v. Johnson, 28 Minn. 447, 10 N. W. 596; Hall v. N. W. End. & Leg. Assn., 47 Minn. 85, 49 N. W. 524; Hall v. Merrill, 47 Minn. 260, 49 N. W. 980; Martin v. Stubbings, 126 Ill. 387, 18 N. E. 657; Delaney v. Delaney, 175 Ill. 187, 51 N. E. 961; Splawn v. Chew, 60 Tex. 532; Schardt v. Schardt, 100 Tenn. 276, 45 S. W. 340; Allison v. Stevenson (Sup.) 64 N. Y. Supp. 481

Order affirmed.