## DOERING v. BUECHLER.
### No. 12921.

Circuit Court of Appeals, Eighth Circuit.
Jan. 31, 1945.

Marshall S. Snyder, of Minneapolis, Minn. (Neil Hughes, of Minneapolis, Minn., on the brief), for appellant.

Frank J. Collins, of Minneapolis, Minn. (Ben R. Toensing, of Minneapolis, Minn., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The Bankers Life Company, of Des Moines, Iowa, on October 25, 1930, issued to Raymond E. Doering, of Minneapolis, Minnesota, a $2,000 policy of life insurance payable to his wife, Marie C. Doering, as beneficiary. By the terms of the policy, the right to change the beneficiary was reserved to the insured. The policy provided that the insured might designate a new beneficiary "by filing written notice thereof at the Home Office of the Company accompanied by the Policy for suitable indorsement thereon"; and that "Such change shall take effect when indorsed on the Policy by the Company and not before." In March, 1941, the insured, who was seriously ill with cancer and was estranged from his wife, filed at the Home Office of the Company two written notices, in each of which he directed the Company to change the beneficiary to his sister, Emily C. Buechler. The notices were not accompanied by the policy, and the change of beneficiary was not indorsed thereon. The insured died January 13, 1942. The Company brought this action in interpleader against the wife and sister of the insured (who were respectively citizens of Minnesota and North Dakota) as adverse claimants. 28 U.S.C.A. § 41(26). Each of them asserted a claim to the proceeds of the policy, which were deposited in court by the Company. The District Court determined that the insured's attempted change of beneficiary was effective, and entered judgment for the sister. Bankers Life ·Co. v. Doering, D.C., 54 F.Supp. 302. The wife of the insured has appealed. She asserts that, under the evidence and the applicable substantive law, which is that of Minnesota, she was entitled to judgment.

The District Court in its opinion has fully stated the facts. It is unnecessary to restate them in detail. Either of the notices of change of beneficiary filed by the insured with the Company would unquestionably have been sufficient to effectuate the desired change of beneficiary had it been accompanied by the policy and had the change been indorsed upon the policy. The Company acknowledged the receipt of the written notices, but directed the insured's attention to the necessity of sending in the policy for indorsement of the change of beneficiary in order that the change might become effective.

On April 1, 1941, the insured sent the following communication to the Company:

"Bankers Life Company
    "Des Moines, Iowa
            "Attention: H. L. Rhoads
"Dear Sir:
    "This is to certify that Dr. R. E. Doering who owns policy number 897223 10 A 310 has kept this policy in a vault in the Northwestern National Bank. Marie C. Doering, the beneficiary of this policy has deliberately taken the policy out of the safety deposit box and stored it in some other safety deposit box in the city which I am not able to find and under no circumstances should she be the beneficiary.
        "Yours very truly,
                "R. E. Doering, M. D.
"RED:rms
"Witnessed by
    "Rose Mary Stuntebeck"

On April 28, 1941, the Company received from the appellant a letter dated April 26, 1941, reading as follows:

"Bankers Life Company
    "Des Moines, Iowa
"Gentlemen:
    "Dr. R. E. Doering, who is insured under your policy No. 897223 is seriously ill.
    "As wife of the insured and the beneficiary under it I am informing you that I hold the said policy in my possession. For your information I am telling you that I

have the policy so that you will make no loan or other changes in it without my written consent and accompanied with the said policy.

"Yours very truly,

"Marie C. Doering"

The insured did not have the policy in his possession in March, 1941, nor at any time thereafter. It was in the possession and control of the appellant; but, according to her testimony upon the trial, it was available to the insured and she would have delivered it to him had he demanded it. She testified that the policy, until about April 26, 1941, was in a metal box in Room 661 of the Curtis Hotel in Minneapolis, which room was then occupied by her, and which had, until about February 22, 1941, been occupied by her and the insured; that the insured had a key to the room and had access to the box; that she took the policy from the box about April 26, 1941, and deposited it in the safe at the hotel; that the insured did not demand that the appellant deliver the policy to him for the purpose of changing the beneficiary; that about March 15, 1941, he did ask her for the policy, stating that he wanted to make a loan upon it; that she then informed him that it was in the metal box in Room 661. The appellant also testified that when she wrote the letter of April 26, 1941, to the Company, it was her intention to keep the policy for the purpose of preventing a change of beneficiary. There was evidence that on February 24, 1941, two days after the insured had left the Curtis Hotel to go to the hospital, the appellant opened the safety deposit box held jointly by the insured and the appellant in the Northwestern National Bank. She testified that the policy was never in that box.

The District Court made findings of fact, including the following:

"The insured, Raymond Edward Doering, did not send the policy to the insurer so the change of beneficiary could be indorsed upon it, because during all the time in question the policy was in the possession or control of Marie C. Doering, the original beneficiary of the policy, who intended and planned to prevent a change of beneficiary and concealed its whereabouts from the insured. Pursuant to her intent and plan, she refused or would have refused to relinquish it to the insured and intentionally prevented the policy from being sent to the insurer so that the change of beneficiary

could not be effected by indorsement thereon.

"The insured, Raymond Edward Doering, did everything he could to effect a change of beneficiary and complied substantially with the insurance contract provisions relating to change of beneficiary."

The appellant contends that there is an insufficient evidentiary basis for each of these findings.

The appellant also contends that the insured's letter of April 1, 1941, to the Company, charging her with having taken the policy from the vault of the Northwestern National Bank, should not have been received in evidence, and that the court erred in admitting it.

■ It is not reversible error for a trial court to receive incompetent evidence in a case tried without a jury. "This Court will not reverse a trial court in a nonjury case for having admitted incompetent evidence, whether objected to or not, unless all of the competent evidence is insufficient to support the judgment appealed from or unless it affirmatively appears from the record that the incompetent evidence complained of was relied upon by the trial court and induced the court to make an essential finding which would not otherwise have been made." Thompson v. Carley, 8 Cir., 140 F.2d 656, 660.

■ The District Court did not regard the insured's letter of April 1, 1941, as proof of all of its recitals, but admitted it as tending to show that the insured did not have the policy in his possession and did not know where it was. We have no doubt that all written communications between the insured and the Company relative to the attempted change of beneficiary were admissible for the purpose of showing the insured's intent, the extent of his efforts to effect the change, and his asserted reasons for failing to send in the policy to the Company for indorsement. Compare Self v. New York Life Ins. Co., 8 Cir., 56 F.2d 364, 366.

■ The basis for the appellant's contention that the District Court erred in finding that the insured did not send the policy to the Company for indorsement because she had possession of it, is that her uncontradicted testimony showed that the policy was available to the insured. The appellant was an interested party and her credibility and the weight of her evidence

were for the trial court to determine. The fact that testimony is not expressly contradicted does not compel the trier of the facts to accept it as true. See Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440-443 and cases cited. The District Court did not believe the appellant's testimony that the policy was available to the insured and that she would have delivered it to him upon demand. The finding of the court in that regard was justified by the evidence.

Whether the finding of the District Court that the insured did all that he could do to change the beneficiary is strictly accurate, it is unnecessary to decide. The purport of the finding is that the insured did all that was practicable, under the circumstances, to comply with the terms of the policy relative to changing the beneficiary. There is no controversy in the evidence as to what he actually did in his attempt to bring about the change.

Reduced to its simplest terms, the question for decision by this Court is whether, under Minnesota law, an insured under a life policy such as that in suit can effect a change of beneficiary without delivering the policy to the insurer for indorsement of the change, where the policy is in the possession and control of the original beneficiary, who is holding it for the purpose of preventing any change of beneficiary.

■ The appellant, the original beneficiary of the policy, had, during the lifetime of the insured, a mere expectancy, revocable by him. Richmond v. Johnson, 28 Minn. 447, 10 N.W. 596; Laudenschlager v. Northwestern Endowment & Legacy Ass'n, 36 Minn. 131, 30 N.W. 447; Vance on Insurance, 2nd Ed., pages 559-564. The appellant's consent to a change of beneficiary was not required.

■ The general rule is that an insured, in making a change of beneficiary, must follow the method prescribed in the policy. Vanasek v. Western Bohemian Fraternal Ass'n, 122 Minn. 273, 278, 279, 142 N.W. 333, 336, 49 L.R.A.,N.S., 141, Ann.Cas.1914D, 1123; Vance on Insurance, 2nd Ed., page 569; 29 Am.Jur., Insurance, § 1315; Reid v. Durboraw, 4 Cir., 272 F. 99, 101.

■ An exception to the general rule is "that when the insured with the clear intent to change the beneficiary does everything in his power to effect a change, the mere fact that he is unable to surrender the policy for indorsement of. the insurer's con-

sent because it is in the possession of a third person who will not surrender it, or for any other reason is beyond the insured's control, will not render the change invalid." Vance on Insurance, 2nd Ed., page 573. In 29 Am.Jur., Insurance, § 1317, page 987, it is said:

"It is uniformly held that where the insured's failure to complete a change of beneficiary in his policy, before his death, by a return of the policy to the insurer, was caused by a refusal of the beneficiary named therein to surrender the policy to him, his efforts, if otherwise in substantial compliance with the requirements imposed by statute or contract, will—at least, as between the persons claiming as beneficiaries —be given effect, and the equitable right of the person designated by him as the new beneficiary will prevail over the strict legal title appearing on the face of the policy. It need not affirmatively appear that the original beneficiary refused on demand to give up the policy, since if his possession is established, it is a fair inference that the policy would not have been surrendered if demanded. After the lapse of a reasonable time from the giving of notice by an insured of a desire to change the beneficiary in a policy which he cannot produce, with no reason forthcoming why his nominee should not be substituted in the policy, the insured is entitled to such substitution, and a court of equity will decree accordingly."

Apparently the exact question here presented has not as yet been decided by the Supreme Court of Minnesota. That court has, in cases involving attempted changes of beneficiary by certificate holders of mutual benefit societies, recognized that "The return of the original certificate may be excused if its return be impracticable." Hughes v. Modern Woodmen of America, 124 Minn. 458, 463, 145 N.W. 387, 389; Vanasek v. Western Bohemian Fraternal Ass'n, 122 Minn. 273, 279, 142 N.W. 333, 336, 49 L.R.A.,N.S., 141, Ann.Cas.1914D, 1123. Compare Brotherhood of Railroad Trainmen v. Benson, D.C., Minn., 45 F.2d 421.

The case of Brajovich v. Metropolitan Life Ins. Co., 189 Minn. 123, 248 N.W. 711, bears some analogy to the instant case. In that case the certificate of insurance, with notice of the change of beneficiary, had been sent to the company and received by it prior to the death of the insured, but the company had failed to make the indorse-

ment of the change upon the certificate. The Supreme Court of Minnesota ruled that the change of beneficiary became effective "upon receipt by the insurance company of the change of beneficiary, the certificate of insurance, and the letter from Pickands Mather & Co. [the authorized agent of the insured] * * *" (at page 713 of 248 N.W.). In support of the rule that "In such case equity will consider that done which should have been done by the insurance company" (at page 713 of 248 N.W.), the Supreme Court of Minnesota cites cases from other jurisdictions, including the case of McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761, which case, as pointed out by the District Court in its opinion, sustains its view as to the law applicable to the instant case and its ruling that the possession of the policy in suit by the insured's wife was an adequate excuse for his failure to deliver the policy to the Company for indorsement of the change of beneficiary. Compare Commonwealth Life Ins. Co. v. Lowry, D.C. S.D.Fla., 41 F.Supp. 1.

We think that the appellant has failed to demonstrate that the applicable Minnesota law is not what the District Court believed it to be. "In deciding what the highest court of a state would probably hold the state law to be, great weight may properly be accorded by this court to the view of the trial court. * * * This court would be justified in adopting a contrary view only if convinced of error. * * *" Magill v. Travelers Ins. Co., 8 Cir., 133 F.2d 709, 713. We are not convinced of error, and we think that the District Court's conclusion as to the applicable law is in all probability correct. The insured's intent that the proceeds of the policy in suit should be payable to his sister, and should not be payable to his wife, was clear. In attempting to effect a change of beneficiary in substantial compliance with the terms of the policy, the insured did all that it was practicable for him to do, in view of the fact that he did not have the policy, that his wife had it, and was holding it in order to prevent a change of beneficiary. It is a reasonable inference that a demand upon her for the policy would have been futile, and we do not believe that the insured was required to sue her for its possession. We think that the right of the appellee to the proceeds of the policy, under the facts as found by the District Court, was, in equity, superior to the claim of the appellant. The appellant was in no position to take advantage of the failure of the insured and the insurer to bring about an indorsement upon the policy of the change of beneficiary. The requirement that the policy be delivered to the Company for indorsement was not for the protection of the appellant, but was for the protection of the Company. Royal Union Mut. Life Ins. Co. v. Lloyd, 8 Cir., 254 F. 407, 410. The Company by bringing the action in interpleader, has waived any defense it may have had to the claim of either party. Carter v. Thornton, 8 Cir., 93 F.2d 529, 532.

That § 3399, Mason's Minnesota Statutes 1927, Vol. 1, page 779, Minn.Stat. 1941, Sec. 61.27, permits an insurer to issue a life insurance policy with a clause relating to change of beneficiary similar in form to the clause contained in the policy in suit, is of no help to the appellant. The clause is not a standard provision which every life insurance policy must contain. See § 3402, Mason's Minn.Stat.1927, Vol. 1, page 791, Minn.Stat.1941, Sec. 61.30. The statute permitting the use of the clause adds nothing to the force or effect of the clause. There is no Minnesota statute requiring strict compliance by an insured with the conditions of such a clause in order to effect a change of beneficiary.

The judgment appealed from is affirmed.