**METROPOLITAN LIFE INSURANCE COMPANY, as successor in interest to New England Mutual Life Insurance Company, Respondent,**

v.

**Lauri L. BELLAND, et al., Appellants,**

**Riverside Bank, Defendant.**

**No. C2–98–374.**

Court of Appeals of Minnesota.

Sept. 8, 1998.

Jan Stuurmans, Jan Stuurmans, P.A., Minneapolis, for appellants.

Valdis A. Silins, Stephenson & Sanford, PLC, Minneapolis, for respondents.

Considered and decided by HARTEN, P.J., HUSPENI and SHUMAKER, JJ.

### OPINION

HARTEN, Judge.

In this interpleader action, respondent insurer sought judicial determination of whether the defendant bank or the insured's daughters were entitled to receive life insurance policy proceeds. Following a bench trial, the district court ordered judgment in favor of the bank. The insured's daughters appealed. We affirm, and deny respondent's motion to strike appellants' reply brief.

## FACTS

In January 1971, attorney Larry Schmidthuber purchased a life insurance policy from the New England Mutual Life Insurance Company (New England), predecessor to respondent Metropolitan Life Insurance Company. The policy designated Schmidthuber's daughters as beneficiaries.

In 1994, Schmidthuber obtained an unsecured personal loan from the Riverside Bank (the bank). The bank's files reflected anticipation that Schmidthuber would repay the loan from the proceeds of a sale of his interest in a corporation that owned the St. Anthony's Wharf bar and restaurant.

In February 1996, Schmidthuber delivered to his insurance agent an executed change-of-beneficiary form, naming the bank as beneficiary of his life insurance policy. The following language appears on the back of the change-of-beneficiary form:

> Change of Beneficiary must be in written form satisfactory to the Company and signed by the Owner. The change will be effective as of the date of signing by the Owner, whether or not the Owner or Insured is living at the time of receipt at the Home Office of the Company; * * *.

Thus, any change of beneficiary would become effective *as of the date of signing.* Schmidthuber explained to his insurance agent that the change was intended to cover an indebtedness to the bank and stated that he would discuss the matter with his bank loan officer. Schmidthuber later told his insurance agent that the matter had been "handled."

In April 1996, Schmidthuber, among other things, assigned to the bank (to the extent of his indebtedness to the bank) his interest in the proceeds of a sale of St. Anthony's Wharf. Schmidthuber placed the assignment in a cabinet in his office.

In May 1996, New England sent the bank a release-of-assignment form, stating that upon its execution, the bank would release and disclaim its right to any assignment of Schmidthuber's whole life policy to the bank. Schmidthuber's loan officer placed the release in a file, to be executed when Schmid-

thuber satisfied his loan. Schmidthuber died the following month.

## ISSUE

Did the district court abuse its discretion by determining that Schmidthuber intended to name the bank as beneficiary of his life insurance policy?

## ANALYSIS

▆▆▆ An interpleader action is governed by equitable principles and rules. *See Brajovich v. Metropolitan Life Ins. Co.,* 189 Minn. 123, 129, 248 N.W. 711, 714 (1933) (stating that interpleader action to determine who has superior right to insurance proceeds is action in equity); *Brown v. Agin,* 260 Minn. 104, 109, 109 N.W.2d 147, 150 (1961) (stating that equitable principles govern court's interpretation of change-of-beneficiary clause). In cases involving equitable relief, our standard of review is whether the district court abused its discretion. *City of Cloquet v. Cloquet Sand & Gravel, Inc.,* 312 Minn. 277, 279, 251 N.W.2d 642, 644 (1977). Appellants' arguments do not persuade us that the district court abused its discretion when concluding that Schmidthuber clearly and unambiguously intended to name the bank as beneficiary of his life insurance policy.

The cases cited by appellants are clearly distinguishable on their facts. For example, appellants cite cases where, in changing a beneficiary, an insured has failed to comply with a policy requirement that he deliver a change-of-beneficiary form to the insurer. In such cases, the courts have given effect to the change only if it is undisputed that the insured substantially complied with the policy requirements and did everything within his power to effectuate the change. *See, e.g., Boehne v. Guardian Life Ins. Co.,* 224 Minn. 57, 70–71, 28 N.W.2d 54, 62 (1947); *Cooney v. Equitable Life Assur. Soc'y,* 235 Minn. 377, 380–81, 51 N.W.2d 285, 288 (1952). *See also Brown v. Agin,* 260 Minn. at 104, 109 N.W.2d at 151 (stating that question whether change of beneficiary should be effectuated should be determined by considering whether insured intended to change beneficiary and whether insured took affirmative action or

otherwise did substantially all that he could under the circumstances to demonstrate such intention). In the instant case, there is no contractual provision requiring delivery of the change-of-beneficiary form to the insurer in order to become effective. Moreover, there is no evidence that Schmidthuber failed to comply with New England's requirements regarding beneficiary changes.

Citing *Gwin v. Gappa*, 394 N.W.2d 530 (Minn.App.1986), appellants argue that it is unclear whether Schmidthuber actually intended to change his beneficiary. But *Gwin* addressed the issue whether an insured had actually inserted the claimants' names on the change-of-beneficiary form; no similar issue is involved here.

Appellants also claim that Schmidthuber did not do everything reasonably possible to change beneficiary because he did not tell his agent to send the change-of-beneficiary form to New England. But appellants have cited no requirement that Schmidthuber take any further action.

Appellants point out that when questioned by his agent about the change, Schmidthuber replied, "It's been handled." Appellants claim that by this remark, and by Schmidthuber's later purported assignment to the bank of his interest in the proceeds of the St. Anthony's Wharf sale, Schmidthuber evi-denced an intent to revoke his change of beneficiary and, instead, to assign to the bank his interest in the proceeds of the sale. But if Schmidthuber had intended to revoke the change-of-beneficiary form and designate appellants as beneficiaries, Schmidthuber was required to execute a new change-of-beneficiary form.

Respondent has moved to strike the appellants' reply brief, arguing that it contravenes Minn. R. Civ.App. P. 128.02, subd. 3, which requires that a reply brief "be confined to new matter raised in the brief of the respondent." We find respondent's arguments to be without merit.

### DECISION

The district court did not abuse its discretion by concluding that Schmidthuber unambiguously evidenced his intent to change the beneficiary designation on his life insurance policy.

**Affirmed; motion denied.**