*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0367**

In re the Non-Probate Estate of: Robert W. Fashant, Decedent

Merilee Doll,
Respondent,

vs.

Julie A. Haekenkamp, et al.,
Appellants,

and

KleinBank,
Defendant.

**Filed August 29, 2016
Affirmed
Klaphake, Judge[*]**

Wright County District Court
File No. 86-CV-13-3568

Joseph J. Cassioppi, Jessica L. Edwards, Fredrikson & Byron, P.A., Minneapolis, Minnesota; and

Jay A. Joyner, Joyner Law Office, Minneapolis, Minnesota (for respondent)

John T. Peterson, Johnson, Larson & Peterson, P.A., Buffalo, Minnesota (for appellants)

R. Lawrence Harris, Melchert, Hubert, Sjodin, PLLP, Waconia, MN (for defendant)

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Klaphake, Judge.

**KLAPHAKE**, Judge

Acting as successor attorney-in-fact, appellant challenges the district court's order voiding her change of primary beneficiary designations to decedent's IRAs, arguing that she was authorized to do so under a durable power of attorney. Because the district court did not err in determining that decedent intended respondent-wife to be the primary beneficiary to his IRAs, we affirm.

**DECISION**

We review equitable determinations for an abuse of discretion. *City of North Oaks v. Sarpal*, 797 N.W.2d 18, 23 (Minn. 2011). On appeal from the decision of a district court sitting without a jury, we review the district court's findings of fact for clear error and determine whether it erred in its conclusions of law. *See* Minn. R. Civ. P. 52.01; *Schweich v. Ziegler, Inc.*, 463 N.W.2d 722, 729 (Minn. 1990).

The central issue raised in this appeal is whether the district court abused its discretion in voiding appellant Julie A. Haekenkamp's change of primary beneficiary designations to decedent Robert W. Fashant's five IRAs two days before his death. The procedural posture of this case is akin to an interpleader action, as respondent Merilee Doll sued Haekenkamp for breach of fiduciary duty as successor attorney-in-fact and requested that the district court declare her as the rightful beneficiary of decedent's IRAs. In an interpleader action, the district court may apply equitable principles in disputes where the

2

parties seek declaration of the rightful beneficiary of a decedent's IRA. *Gen. Mills Fed. Credit Union v. Lofgren*, 839 N.W.2d 766, 774 (Minn. App. 2013). The legal basis of Doll's lawsuit centers on Haekenkamp, as successor attorney-in-fact, submitting change-of-beneficiary requests to KleinBank, the custodian of decedent's IRAs. The requests effectively removed Doll as the designated primary beneficiary of decedent's IRAs, and transferred her share to Haekenkamp and appellants James H. Kreitlow, Jill T. Bowman, and Lisa D. Kasper, with each to receive a quarter share.

Haekenkamp argues that the language of the power of attorney conferred upon her by decedent in 2008, which was never revoked, authorized her as successor attorney-in-fact to transfer decedent's property to her. She also points out that there is no statutory requirement under the Minnesota durable power of attorney act, Minn. Stat. §§ 523.01-.26 (2014), requiring her to seek decedent's permission before acting.

The record evidence persuades us that the district court properly concluded that decedent clearly and unambiguously intended Doll to be the primary beneficiary to his IRAs. *See Metropolitan Life Ins. Co. v. Belland*, 583 N.W.2d 592, 593 (Minn. App. 1998) (holding district court did not abuse its discretion in concluding that decedent "clearly and unambiguously intended to name the bank as beneficiary of his life insurance policy"). Three months before decedent and Doll married in April 2011, he named her as the primary beneficiary to his IRAs, denoting her as "spouse." Shortly after the marriage, decedent executed several legal documents transferring his personal assets to Doll and authorizing her to make medical and legal decisions on his behalf. He executed a new will naming Doll as sole heir of his estate, he drafted a health-care directive naming Doll as his health-

3

care agent, and he named Doll as the sole primary beneficiary of his life insurance policy. Notably, he also executed a new short-form power of attorney naming Doll as his attorney-in-fact, but he failed to revoke the earlier power of attorney naming Haekenkamp as successor attorney-in-fact. And as the district court noted in its order, decedent never personally gave Haekenkamp authority or direction to change the beneficiary designation of his IRAs.

Having concluded that the district court did not err in determining decedent's intent, we decline to address Haekenkamp's argument that she is authorized under Minn. Stat. § 523.24, subd. 7 (2014) to change decedent's beneficiary designations or Doll's breach-of-fiduciary-duty claim.

**Affirmed.**